IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 3, 2020

**EUGENE SPIVEY v. SHAWN PHILLIPS, WARDEN**

**Appeal from the Circuit Court for Lake County**
**No. 19-CR-10623    R. Lee Moore, Jr., Judge**

———————————————————

**No. W2019-00932-CCA-R3-HC**

———————————————————

The pro se petitioner, Eugene Spivey, appeals from the summary dismissal of his petition for writ of habeas corpus.  Following our review, we affirm the ruling of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and TIMOTHY L. EASTER, JJ., joined.

Eugene Spivey, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Danny Goodman, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural History*

The petitioner was originally indicted for first degree premeditated murder, first degree felony murder, attempted first degree murder, and especially aggravated robbery. At some point during his trial, the petitioner pled guilty in the Crockett County Circuit Court to second degree murder.  In exchange for his plea, the petitioner received a sentence of forty years and the remaining charges were dismissed.  During the plea hearing, the State offered the following factual basis for the guilty plea:

> Your Honor, the State would show that on January 22, [20]03, that the [petitioner] was at the home of Quantel Taylor; that Jeffrey Allen came by and said he needed to make some fast money and that he needed a gun in

order to do that; that the three of them went to the home of Chad Bricco; that the [the petitioner] went to the door, got Mr. Bricco; there was some conversation about a gun. Mr. Bricco provided them with a gun and went with them to the home of the Neelys. On the way to the Neelys they discussd the fact that they were going to commit a robbery. When they got to the Neelys they parked down the road. The [petitioner] and Mr. Allen went to the door. Mr. Allen had a .40 caliber pistol. The [petitioner] was following along behind and that's when Mr. Allen shot and killed Leonard Neely and shot and seriously injured Louis Neely.

While the petitioner did not agree with the State's recitation of the facts, he did admit to the trial court that he and Taylor were approached by Allen, who was looking for a gun; that the three of them ended up at Bricco's house; that Bricco provided Allen with a gun; that all four of them went to the victims' house; and that he was present, though outside, when Allen shot the victims. After hearing the petitioner's version of events, the trial court asked if the petitioner still wanted to enter his guilty plea to which the petitioner responded in the affirmative.

On April 23, 2019, the petitioner filed a pro se petition for writ of habeas corpus. In his petition, the petitioner asserted that the judgment against him is void because the trial court "committed plain error by accepting the factual basis for [the p]etitioner's guilty plea to [s]econd degree murder despite the petitioner's denying the D[istrict] A[ttorney]'s stipulated facts" and by "failing to determine whether [the] petitioner understood [the] nature of [the] charge" before accepting his plea. The habeas corpus court summarily dismissed the petition by written order on May 13, 2019, noting that the petitioner's "sentence has not expired nor is the judgment void in this case. At best, the judgment is voidable, but not void." This timely appeal followed.

### *Analysis*

On appeal, the petitioner asserts that he is entitled to habeas corpus relief because the judgment against him is void. Specifically, the petitioner alleges that the trial court lacked jurisdiction to render a judgment of conviction because 1) the petitioner did not agree to the facts as recited by the State and 2) the petitioner did not understand the nature of the charges against him. The State responds that the judgments against him are not void and, even if his allegations were true, the judgments would be merely voidable. We agree with the State.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. *Faulkner v. State*, 226 S.W.3d 358, 361

(Tenn. 2007); *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000); *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A challenge to the sufficiency of an indictment may be brought in a habeas corpus proceeding if "the indictment is so defective as to deprive the court of jurisdiction." *Dykes*, 978 S.W.2d at 529.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." *Summers*, 212 S.W.3d at 260 (citing *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. *Id*. at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is de novo with no presumption of correctness given to the habeas court's findings and conclusions. *Id*.

Upon our review of the record and the briefs, we discern no error in the habeas corpus court's summary dismissal of the petition on the basis that it failed to establish a cognizable claim for habeas corpus relief. The petitioner argues that the judgment against him is void because the trial court lacked a factual basis for the plea, violating Tennessee Rule of Criminal Procedure 11(b)(3), and did not explain the elements of the offense to him, violating Tennessee Rule of Criminal Procedure 11(b)(1)(a), therefore rendering his plea involuntary. While the petitioner is correct that Tennessee Rule of Criminal Procedure 11(b)(3) requires the trial court to find a factual basis supporting a guilty plea before accepting it, and Rule 11(b)(1)(a) requires the trial court to explain the nature of the charges for which the plea is offered, a "claim that the trial court failed to comply with Rule 11 of the Tennessee Rules of Criminal Procedure is an allegation that would render a conviction voidable, not void." *Cedric Jeffries v. Steven Dotson*, *Warden*, No. W2009-00816-CCA-R3-HC, 2009 WL 4789975, at *2 (Tenn. Crim. App. Dec. 14, 2009). Thus, even if this Court takes the petitioner's allegations as true, his conviction would be merely voidable, not void.

Further, our supreme court has previously stated that the "[v]oluntariness of a plea . . . has no relevance in a habeas corpus proceeding." *Summers*, 212 S.W.2d at 259. Instead, the voluntariness of a plea is properly addressed in a petition for post-conviction relief and is not a "proper ground[ ] for habeas corpus relief in Tennessee." *Archer v. State*, 851 S.W.2d 157, 165 (Tenn. 1993). Despite his arguments to the contrary, the petitioner has failed to establish that his judgment is void or his sentence expired. Accordingly, we affirm the summary dismissal of the petition for writ of habeas corpus.

***Conclusion***

Because the petitioner failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of the petition for writ of habeas corpus.

                                                  _____

J. ROSS DYER, JUDGE